**James R. GRAY, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 06–55512.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed Feb. 19, 2008.

Martin R. Berman, James Aaron Pflaster, Esq., James Aaron Pflaster Attorneys at Law, Los Angeles, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Blithe S. Bock, Esq., Shaun Dabby Jacobs, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

James Gray appeals the district court's grant of summary judgment in favor of the defendants and the district court's denial of his motion to amend his complaint. The facts are known to the parties and need not be repeated here.

Gray claims that the defendants violated 42 U.S.C. § 1983 because they did not have probable cause to arrest him for violating California Penal Code section 12021. We disagree. Examining the totality of the circumstances, the detectives could reasonably conclude that there was a "fair probability" that Gray was a felon in possession of a firearm based on: (1) evidence of a 1990 felony conviction for grand theft; (2) Gray's admission on the telephone that he currently possessed firearms; (3) the District Attorney's Office's conclusion that Gray's conviction had been dismissed pursuant to California Penal Code section 1203.4 which prohibited him from possessing firearms; (4) a judge's determination that probable cause existed to issue a search warrant for Gray's house; and (5) the discovery of three firearms in Gray's house. *See Hart v. Parks,* 450 F.3d 1059, 1065–66 (9th Cir.2006).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gray also challenges the search warrant.[1] In order to prevail on such a claim, Gray would have to show that the officers "made deliberately false statements or recklessly disregarded the truth in the affidavit [attached to the application for the search warrant] and that the falsifications were material to the finding of probable cause." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir.2002) (internal quotation marks and citation omitted). Here, there is no evidence to support such an allegation.[2]

In any event, because the warrant application was not facially invalid, the defendants' actions of seeking legal advice from the District Attorney's Office and presenting their findings to a local judge in support of a search warrant application entitle them to qualified immunity. *See Ortiz v. Van Auken*, 887 F.2d 1366 (9th Cir.1989).

We also find that the district court did not abuse its discretion by denying Gray's untimely motion to amend his complaint. Gray failed to show "good cause" and was not diligent in seeking to modify the court's scheduling order. *See* Fed. R.Civ.P. 16(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000).

AFFIRMED.

---

1. In addition, Gray challenges the search of both his business and public storage unit. The record, however, reflects that he consented to both.

2. The district court also granted the City of Los Angeles summary judgment under a *Monell* liability theory because Gray failed to produce any evidence of a policy or custom by the City to pursue search warrants without probable cause. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Gray has abandoned his claims against the City on appeal.

